IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SAMUEL LEE DOWNING                                                                          PLAINTIFF

VS.                                                                       CIVIL ACTION NO. 3:07cv279-JCS

CHRISTOPHER EPPS, et al.                                                                 DEFENDANTS

OPINION AND ORDER

Plaintiff, a state prisoner, brought this action pursuant to § 1983 alleging constitutional violations with regard to the revocation of his earned release status.  At the omnibus hearing he admitted that he never appealed the Rules Violation Report RVR which led to the revocation and that he does not contest the underlying facts of the RVR.  Rather, his complaint is that thirteen technical errors were committed in the RVR process, including errors in the filling out of the RVR form and failure to conduct the hearing within the proscribed time period.  These allegations fail to state a claim for a constitutional violation.  Accordingly, this action will be dismissed as frivolous pursuant to 28 U.S.C. 1915A(b)(1).[1]   A separate judgment will be entered.

SO ORDERED, this the 5th day of February, 2008.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE

---

[1] The term "frivolous" in the context of section 1915(A) does not mean that a plaintiff has failed to state a claim, "but it is to be equated with the raising of a wholly insubstantial federal claim."  Wilson v. Barrientos, 926 F.2d 480, 482 (5th Cir. 1991).  In other words, the action may be dismissed if it has no arguable basis for relief either in law or fact.  Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  Thus, a case may be found to be legally "frivolous" where it seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  See, e.g., Neitzke v. Williams, 490 U.S. 319 (1989).